GREGORY C. CHENG, State Bar No. 226865
gregory.cheng@ogletreedeakins.com
KRYSTAL N. LOPILATO, State Bar No. 263320
krystal.lopilato@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:     415.442.4810
Facsimile:      415.442.4870

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BARRERA, JR.,<br><br>             Plaintiff,<br><br>      vs.<br><br>THE HOME DEPOT U.S.A., INC., and DOES 1 through 10, inclusive,<br><br>             Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441 BY DEFENDANT HOME DEPOT U.S.A., INC.**<br><br>[DIVERSITY JURISDICTION]<br><br>Action Filed: September 4, 2012<br>Trial Date:      None Set |

FILED
2012 OCT -9  A 11: 09
RICHARD W. WIEKING
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

C 12  5199

HRL

Case No.:
NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441
BY DEFENDANT HOME DEPOT U.S.A., INC.

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF JOHN BARRERA, JR. AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Home Depot U.S.A., Inc. (hereinafter "Defendant" or "Home Depot") hereby removes this action from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1367, 1441(b), and 1446 on the grounds that there is complete diversity of citizenship between Plaintiff John Barrera, Jr. ("Plaintiff"), a citizen of the State of California, and Defendant, a citizen of the States of Delaware and Georgia; that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in Section 1332(a); and that the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below on the following grounds:

## THE STATE COURT ACTION

1. On September 4, 2012, Plaintiff filed an unverified Complaint against Home Depot in the Superior Court of the State of California, Santa Clara County, entitled: "*John Barrera, Jr. v. Home Depot U.S.A., Inc. and Does 1 through 10, inclusive*," Case Number: 112CV231552.

2. On or about September 7, 2012, Home Depot was served with the Summons and Complaint. The complaint asserts claims for (1) Violation of California Family Rights Act; (2) Unlawful Retaliation In Violation of The California Family Rights Act; (3) Violation of the Fair Employment and Housing Act – Retaliation; (4) Violation of the California Labor Code § 203; and (5) Violation of California Labor Code § 2698 et. seq. A true and correct copy of the Summons and Complaint served on Defendant is attached hereto as "Exhibit A."

3. On October 4, 2012, Home Depot timely filed its Answer in the Santa Clara County Superior Court. A true and correct copy of Defendant's Answer to Plaintiff's Complaint is attached hereto as "Exhibit B."

## THE FEDERAL COURT'S JURISDICTION AND REMOVABILITY
## BASED UPON DIVERSITY OF CITIZENSHIP

4. This action is one over which the court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed by the Defendant pursuant to 28 U.S.C. § 1441. This is a civil action where the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and it between citizens of different states.

5. Plaintiff is a citizen of the State of California and is domiciled in the city of Hollister, California and was so domiciled at the time of filing of the Complaint. (Plaintiff's Complaint, Exhibit 1.)

6. Defendant was at the time the Complaint was filed, and still is, incorporated in the State of Delaware. Its principal place of business at the time of the filing of this action was and is currently in the State of Georgia. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State or foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." For the purposes of federal diversity jurisdiction, Defendant is a citizen of the States of Delaware and Georgia. As such, Defendant is not a citizen of the State of California.

7. The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(b); *Newcomb v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998). As such, complete diversity of citizenship exists in this matter between Plaintiff and Defendant.

8. The Complaint does not allege a damage amount as to each claim. Removal is therefore proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims will exceed $75,000. See *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. See *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security*

1 | *Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

2 | 9. Based on Plaintiff's allegations, the amount in controversy in the instant case is more likely than not to exceed the sum or value of $75,000. More specifically, regarding his claims for violation of the California Family Rights Act and the Fair Employment and Housing Act, Plaintiff seeks damages for lost earnings and other employment benefits, emotional and physical distress, humiliation, and mental anguish. (Complaint ¶¶ 15, 22, and 28.) Plaintiff also seeks waiting time penalties in the amount of 30 days of his wages for his California Labor Code section 203 claim, as well as civil penalties under California Labor Code section 2699 and Labor Code section 226.3. In his prayer for relief, Plaintiff seeks "back pay, front pay, and other monetary relief," general damages, prejudgment and post-judgment interest, attorneys fees, punitive damages, thirty days of wages, interest on all unpaid wages, penalties, costs of suit, and "such other and further relief as the court may deem proper." (Complaint, p. 8: 3 – 18.) Thus, based on a conservative good faith estimate of the value of the claims asserted in this action, Plaintiff seeks recovery in excess of $75,000.[1] This is in excess of the minimum amount required for diversity jurisdiction.

10. As required by 28 U.S.C. § 1446(b), the original Notice of Removal was filed within 30 days after Defendant was served with a copy of the Complaint.

11. As required by 28 U.S.C. § 1446(d), Defendant provided notice of this Removal to Plaintiff through his attorneys of record.

12. As required by 28 U.S.C. § 1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California for the County of Santa Clara.

13. In the event that this Court has a question regarding the propriety of this Notice of Removal, Defendant respectfully requests that the Court issue an Order to Show Cause so that Defendant may have an opportunity to supplement a more detailed brief outlining the basis for this

---

[1] By estimating the amount Plaintiff may recover if he prevails, Defendant does not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any particular amount or at all. Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

3  Case No.:
NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441
BY DEFENDANT HOME DEPOT U.S.A., INC.

removal.

**INTRADISTRICT ASSIGNMENT**

14. Pursuant to Local Rule 3-2(e), Removal and Intradistrict Assignment to the San Jose division of this Court is proper because the alleged acts and occurrences arose in the County of Santa Clara.

WHEREFORE, Defendant Home Depot U.S.A., Inc. removes the above action to this Court.

DATED: October 9, 2012

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
GREGORY C. CHENG
KRYSTAL N. LOPILATO
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

4

Case No.: _____

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441
BY DEFENDANT HOME DEPOT U.S.A., INC.