United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BARRERA, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>THE HOME DEPOT U.S.A., INC.,<br><br>        Defendant. | Case No. 12-CV-05199-LHK<br><br>**ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT** |

      This matter came before the Court for hearing on February 19, 2015, on the parties' Joint Motion for Final Approval of the Class Action Settlement reached in this action. All parties appeared through their counsel of record.

      The Court has considered the papers submitted in support of the Motion, the terms of the Amended Settlement Agreement, the favorable reaction of the settlement class, and that the settlement was reached through vigorous arms-length negotiation and mediation before an experienced class-action mediator, as well as with input from this Court. Based on the papers and pleadings on file, and the argument presented by counsel, the Court hereby finds as follows:

      1.     The notice of settlement provided to settlement class members

adequately informed settlement class members of the terms of the settlement. Since the notice adequately described the release of claims in the settlement, it was not necessary to inform class members of the pendency of *Terria Harris v. Home Depot U.S.A., Inc.*, No. 14-cv-04206-VC, filed August 15, 2014 in Alameda County Superior Court, and removed to the Northern District of California, San Francisco Division, on September 17, 2014, which action includes some overlap of claims and putative class members with this action.

2. In response to the class notice, the claims administrator received three requests to be excluded from the settlement.

3. The claims administrator and the Court received one objection to the settlement filed by Kamal Chafiane, who objected on the ground that the settlement would not adequately compensate him for emotional distress allegedly caused by the defendant. The Court finds this objection is without merit as class members cannot recover emotional distress damages under either of the class claims alleged in this action. *See, e.g.*, *Brewer v. Premier Golf Properties*, 168 Cal. App. 4th 1243, 1256 (2008) (holding that a plaintiff suing for violation of the Labor Code's wage and hour provisions is limited to the remedies provided by the Labor Code; "[t]he breach of an obligation arising out of an employment contract, even when the obligation is implied in law, permits contractual damages but does not support tort recoveries")

4. Defendant provided notice under CAFA on or about February 13, 2015, and the Court has received no comments or objections from the governmental officials who received CAFA notice.

5. The settlement is fair, reasonable, and adequate.

The Court therefore makes the following findings and orders:

1. This Court confirms as final its conditional certification for settlement purposes of the settlement class pursuant to Fed. R. Civ. P. 23(b)(3), as defined in the settlement agreement as: "Any person who worked in one or more Home Depot

2

Case No. 12-CV-05199-LHK
ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

retail stores in California and, based on Home Depot's records, was involuntarily terminated by Home Depot at any time from September 4, 2009 through September 25, 2014, and was paid wages after his or her date of termination." Agreement, ¶ IV.A.2.

2. The Court confirms the appointment of Edgar Padilla as the representative of the settlement class.

3. The Court confirms the appointment of the Diversity Law Group, APC, Polaris Law Group LLP, and Hyun Legal, APC as class counsel for the settlement class.

4. The class notice was distributed to class members, pursuant to this Court's orders, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law. The claims administrator employed reasonable means for distribution of the class notice, including reasonable efforts to locate proper addresses for class members whose notices were returned as undeliverable. All settlement class members who did not timely opt out of the settlement shall be bound by the terms of the settlement agreement whether or not they actually received such notice.

5. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the settlement agreement. The Court specifically finds that the settlement confers a substantial benefit to settlement class members, considering the strength of plaintiffs' claims and the risk, expense, complexity, and duration of further litigation. The favorable response of the class to the settlement also supports settlement approval. This Court also finds that the settlement agreement is the result of arms-length negotiations between experienced counsel, after thorough factual and legal investigation, and incorporates input and direction from this Court. This further supports approval of the settlement.

6. The Court approves an allocation of $25,000 from the settlement fund

to the settlement of plaintiff's claim brought pursuant to section 2698 of the California Labor Code.  In compliance with section 2699(i) of the California Labor Code, 75 percent of that amount (i.e., $18,750) shall be paid to the California Labor Workforce and Development Agency, and the remaining 25 percent (i.e., $6,250) will remain part of the settlement fund to be distributed to settlement class members.

7. The Court finds that the settlement administrator, Gilardi & Co., LLC, is entitled to $35,000 for its administrative fees associated with administering the settlement.

8. The Court directs the parties to effectuate the payments to settlement class members pursuant to the terms of the settlement agreement.

9. Neither the settlement nor any of the terms set forth in the settlement agreement constitute an admission by Home Depot of liability to the plaintiff or any member of the settlement class.

10 The Court hereby dismisses the Fourth and Fifth causes of action in the Second Amended Complaint, alleging violations of California Labor Code § 203 and § 2698, respectively, with prejudice.

11. The Court retains jurisdiction to enforce the terms of the settlement, including the payment of the settlement fund.

**IT IS SO ORDERED.**

Dated: May 20, 2015

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

4
Case No. 12-CV-05199-LHK
ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT