1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOHN BARRERA, et al.,

          Plaintiffs,

    v.

THE HOME DEPOT U.S.A., INC.,

          Defendant.

Case No. 12-CV-05199-LHK

**ORDER GRANTING PLAINTIFF'S
MOTION FOR APPROVAL OF
ATTORNEYS' FEES AND COSTS AND
CLASS REPRESENTATIVE
ENHANCEMENT**

I.    **INTRODUCTION**

      On February 19, 2015, this matter came for hearing before this Court on Plaintiff Edgar Padilla's ("Plaintiff") Motion for Approval of Attorneys' Fees and Costs and Class Representative Enhancement.  As set forth in this Court's Order dated February 19, 2015, the Court deferred ruling on Plaintiff's Motion for Approval of Attorneys' Fees and Costs and Class Representative Enhancement, as well as the Parties' Joint Motion for Final Approval of Class Action Settlement, pending expiration of the 90-day notice period to appropriate federal and state officials in the Class Action Fairness Act Notice of Proposed Settlement ("CAFA Notice") dated February 13, 2015.  ECF No. 103.

Case No. 12-CV-05199-LHK
ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEYS' FEES
AND COSTS AND CLASS REPRESENTATIVE ENHANCEMENT

After considering the moving papers, the pleadings, and the record in this case, IT IS ORDERED that Plaintiff's Motion for Approval of Attorneys' Fees and Costs, and Class Representative Enhancement is GRANTED for the reasons set forth herein.

## II.   THIS COURT IS AUTHORIZED TO AWARD PLAINTIFF'S ATTORNEYS THEIR ATTORNEYS' FEES ON A PERCENTAGE BASIS

Courts have discretion to award attorneys' fees to a prevailing plaintiff if: "(1) fee-shifting is expressly authorized by the governing statute; (2) the opponents acted in bad faith or willfully violated a court order; or (3) the successful litigants have created a common fund for recovery or extended a substantial benefit to a class." *In re Bluetooth Headset Products Liability Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).  In determining the reasonableness of the attorneys' fees, courts should consider the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), which include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Carter v. Caleb Brett LLC*, 757 F.3d 866, 868-69 (9th Cir. 2014).

Here, the gross settlement amount is $1.5 million.  There is no reversion of any funds to the Defendant.  All settlement class members who do not opt out will receive their pro rata share of the settlement amount without having to submit a claim form.  Plaintiff's counsel request $375,000, or 25% of the settlement fund, as compensation for attorneys' fees.  Upon consideration of the *Kerr* factors as applied to this case, the Court determines that this request is reasonable.

## III.   PLAINTIFF'S COUNSEL'S ATTORNEYS' FEE REQUEST IS REASONABLE IN COMPARISON TO THE LODESTAR

2

Case No. 12-CV-05199-LHK
ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEYS' FEES
AND COSTS AND CLASS REPRESENTATIVE ENHANCEMENT

It has been noted that it is sometimes helpful to courts to "cross-check" a percentage award by employing a lodestar with a multiplier analysis.  While the lodestar method is generally considered inappropriate in a common fund case where real cash benefits (as opposed to coupons or non-monetary benefits) are made available to class members, its use can provide further validation of the appropriateness of the percentage award approach.  *See In re Prudential Ins. Co. of America Sales Practice Litigation*, 106 F. Supp. 2d 721 (D.N.J. 2000).

The declarations of Class Counsel state that they devoted approximately 513.5 hours of time to this litigation.  *See, e.g.*, ECF Nos. 92-1 ("Lee Decl."), 92 ("Marder Decl."), 91-1 ("Hyun Decl.").  Applying the various hourly rates of the law firms and lawyers who dedicated their efforts to this matter, a lodestar of $338,120 is established for the amount of work spent through final approval.  (Lee Decl. ¶¶ 6-8, 10-13; Marder Decl. ¶¶ 3-5, 7-14; Hyun Decl. ¶¶ 7-9, 11-14). The percentage award sought by Class Counsel, if converted to the lodestar method, would entail a multiplier of approximately 1.1, which is reasonable in this case.

## IV.   THE COURT APPROVES THE REQUEST FOR REIMBURSEMENT OF COSTS

The request for reimbursement of costs, in the amount of $16,391.53 is fair and reasonable.  Here, the costs consists of all litigation related costs, which have been detailed in the supporting declarations of Class Counsel.  (Lee Decl. ¶ 9, Exh. B; Marder Decl. ¶ 6, Exh. B; Hyun Decl. ¶¶ 10).  The authority for the court to award this is the parties' Settlement Agreement and Labor Code § 218.5.  Further, pursuant to the Settlement Agreement, Defendant has agreed not to oppose any request for reimbursement of costs up to $25,000.

## V.   THE COURT APPROVES THE CLASS REPRESENTATIVE ENHANCEMENT

This Court approves the class representative enhancement award of $2,500 to Plaintiff Edgar Padilla.  Courts have found it appropriate to recognize the role of the representative plaintiffs without whose actions and courage the benefits of the settlement, which are conferred on the class as a whole, would never have been achieved.  The criteria courts may consider in relation to incentive payments include: 1) the risk to the class representative in commencing the

3

Case No. 12-CV-05199-LHK
ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE ENHANCEMENT

suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation; and 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.  *See Munoz v. BCI Coca-Cola Bottling Co. of Los Angeles*, 186 Cal. App. 4th 399, 412 (2010) (citing *Stanton v. Boeing Co.*, 327 F.3d 938, 975 (9th Cir. 2003)); *see also Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299-300 (N.D. Cal. 1995) (approving award of $50,000 to named plaintiff).

Upon the facts of this case, this Court finds that an enhancement payment of $2,500 to Plaintiff is fair and reasonable.

**VI.    CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Approval of Attorneys' Fees, Costs and Class Representative Enhancement is GRANTED.  Accordingly, IT IS HEREBY ORDERED that:

1.      The Court APPROVES payment of Class Representative Enhancement Award to Plaintiff Edgar Padilla in the amount of $2,500.00 in accordance with the terms of the Settlement Agreement.

2.      The Court APPROVES payment of Attorneys' Fees in the amount of $375,000.00 and Costs in the amount of $16,391.53 to Class Counsel in accordance with the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: May 20, 2015

LUCY H. KOH
United States District Judge

Case No. 12-CV-05199-LHK
ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEYS' FEES
AND COSTS AND CLASS REPRESENTATIVE ENHANCEMENT